**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**                **CRIMINAL NO.** 11-231 (FAB)

EFREN IRIZARRY-COLON,

    **Defendant.**

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Efren Irizarry-Colon's "Motion to Dismiss" the indictment against him. (Docket No. 17.) For the reasons set forth below, his motion to dismiss is **DENIED**.

## I. Background

On June 17, 2011, the grand jury returned an indictment charging defendant Irizarry-Colon with thirty-five counts: one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; thirty counts of making a false entry in any book, report or statement of the Department of Agriculture's Farm Service Agency ("FSA") with the intent to defraud the United States, in violation of 18 U.S.C. §§ 2, 1006; and four counts of making false statements on loan applications submitted to the FSA, in violation of 18 U.S.C. §§ 2, 1014. The indictment also seeks forfeiture of assets under 18 U.S.C. § 982(a)(2)(A). (Docket No. 1.)

In his motion to dismiss the indictment against him, defendant Irizarry-Colon argues (1) that the government violated his right to a speedy trial, as guaranteed by the Sixth Amendment of the Constitution of the United States and codified by the Speedy Trial Act ("STA"), 18 U.S.C. § 3161; and (2) that the government violated his Fifth Amendment due process rights. (Docket No. 17 at 1.) On September 12, 2011, the government opposed the motion to dismiss. (Docket No. 19.) On September 20, 2011, defendant Irizarry-Colon filed a reply to the government's opposition. (Docket No. 23.)

During the time period relevant to the indictment, defendant Irizarry-Colon was a prominent attorney in the northwest region of Puerto Rico. After Hurricane Georges struck Puerto Rico in September of 1998, defendant Irizarry-Colon acted as an FSA-approved closing agent and attorney. He was responsible for procuring emergency and operating loans for farmers in the Arecibo/Hatillo area through the FSA's economic disaster assistance program to help qualified farmers recover from losses sustained because of the hurricane. (Docket No. 1 at 1-3.) The indictment alleges that defendant Irizarry-Colon, conspiring with other indicted and unindicted persons, defrauded the FSA of more than $10,000,000 in emergency and operating loan funds by submitting fraudulent loan applications and documents relating to FSA loans. Id. at 3-44. The government filed similar criminal charges against

him in 2005, 2007, and 2010.   In each case, the indictment was dismissed without prejudice on speedy trial grounds.   (<u>See</u> Criminal No. 05-258 (GAG/CVR), Docket Nos. 1, 98; Criminal No. 07-146 (GAG), Docket Nos. 1, 74; Criminal No. 10-024 (CCC/BJM), Docket Nos. 1, 36.)

Defendant Irizarry-Colon filed his motion to dismiss charges in the 2010 indictment with prejudice on speedy trial and due process grounds on May 12, 2010.   (<u>See</u> Criminal No. 10-024 (CCC/BJM), Docket No. 15.)  The government filed a response to the motion to dismiss on May 28, 2010, arguing that the dismissal should be without prejudice.   (<u>See</u> Criminal No. 10-024 (CCC/BJM), Docket No. 17.)   The case was referred to Magistrate Judge McGiverin for a report and recommendation.   In his report, the magistrate judge recommended that the charges be dismissed without prejudice.   (<u>See</u> Criminal No. 10-024 (CCC/BJM), Docket No. 31 at 20.)  He noted that the government and defendant agreed that more than seventy non-excludable days had passed since Irizarry-Colon's initial appearance and that the only issue remaining was whether the case should be dismissed with or without prejudice.  <u>Id</u>. at 5.  The magistrate judge stated that the delay in bringing defendant to trial did not violate his Sixth Amendment speedy trial right or rise to the level of a Fifth Amendment due process violation.  <u>Id</u>. at 17, 20.  The district court adopted the

magistrate judge's report and recommendation on December 19, 2010

and dismissed the indictment without prejudice. (See Criminal No.

10-024 (CCC/BJM), Docket No. 36.)

The indictment in this case was issued on June 17, 2011.

Irizarry's initial appearance and arraignment, at which he entered

a plea of not guilty, took place on June 30, 2011. (Docket No. 7.)

On July 21, 2011, a status conference was held. (Docket No. 14.)

The government indicated that full discovery was provided and

anticipated that a trial would be required. Id. A jury trial was

set for September 8, 2011. Id. On August 15, 2011, however,

defendant Irizarry-Colon filed a motion for extension of time until

August 25, 2011 to file dispositive motions and that the government

be granted until September 12, 2011 to respond. (Docket No. 15.)

On August 16, 2011, the Court issued an order granting defendant's

motion for extension of time, vacated the jury trial scheduled for

September 8, 2011, and tolled the Speedy Trial Act in the interest

of justice. (Docket No. 16.) Defendant filed the motion to

dismiss on August 25, 2011. (Docket No. 17.)

## II. Discussion

### A. Speedy Trial Claim

The right to a speedy trial is intended to "guard against

inordinate delay between public charge and trial." Barker v.

Wingo, 407 U.S. 514, 537 (1972) (White, J., concurring). In his

motion to dismiss the indictment, Irizarry-Colon argues (1) that
the government violated his right to a speedy trial under the STA
because the government moved to dismiss his previous indictment and
thereafter reindicted him without bringing him to trial within the
prescribed statutory time limit; and (2) that the prolonged period
of delay between Irizarry-Colon's first indictment filed in 2005
and today, when no trial has yet been held, constitutes a violation
of his right to a speedy trial under the Sixth Amendment of the
United States Constitution.   (Docket No. 17 at 4-6.)   The Court
will consider each argument in turn.

### 1.   Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161, provides
that a defendant be tried "within seventy days from the filing date
(and making public) of the information or indictment, or from the
date the defendant has appeared before a judicial officer of the
court in which such charge is pending, whichever date last occurs."
18 U.S.C. § 3161(c)(1)(2006).   If any indictment or information is
"dismissed upon motion of the defendant," and the defendant is
thereafter reindicted, the seventy-day clock resets and runs anew.
See 18 U.S.C. § 3161(d)(1)(2006); see also United States v. Rojas-
Contreras, 474 U.S. 231, 239 (1985) (Blackmun, J., concurring).
If an indictment is dismissed "upon motion of the attorney for the
Government," and the defendant is thereafter reindicted, however,

the seventy-day clock continues to run from the first indictment
but the period during which no indictment is outstanding is
excluded from the seventy-day calculation.  <u>See</u> 18 U.S.C.
§ 3161(h)(5)(2008);[1] <u>see also</u> <u>Rojas-Contreras</u>, 474 U.S. at 239;
<u>United States v. Colombo</u>, 852 F.2d 19, 23-24 (1st Cir. 1988)
(internal citations omitted) (discussing how the STA excludes the
time between the indictments and "not the time during the pendency
of the first indictment" when a government voluntarily dismisses
charges).

        Defendant Irizarry-Colon contends that the
government's response to his motion to dismiss the third indictment
is a "motion . . . of the Government" under 18 U.S.C. § 3161(h)(5)
and that the court dismissed the indictment on that motion.
(Docket No. 17 at 3-4.)  He suggests that STA seventy-day clock was
merely suspended on the dismissal of the third indictment.  <u>Id</u>.
at 4.  Irizarry-Colon argues that ninety non-excludable STA days
had already passed when the third indictment was dismissed.  <u>Id</u>.
He further argues that when he appeared for the fourth indictment,
the seventy-day clock resumed and did not start anew.  <u>Id</u>.  The
government, however, contends that the STA clock started anew with

---

[1] Prior to the 2008 amendments to the United States Code, 18
U.S.C. § 3161(h)(5) was contained in 18 U.S.C. § 3161(h)(6).  Thus,
all of the cases that discussed this provision prior to 2008
referred to it as 18 U.S.C. § 3161(h)(6).

the defendant's arraignment – on June 30, 2011 – after the fourth

indictment.  (Docket No. 19 at 7-8.)

In applying 18 U.S.C. § 3161(h)(5), courts have

suggested that an indictment is dismissed "upon motion of . . . the

Government" when the government affirmatively initiates a request

for relief.  See, e.g., Colombo, 852 F.2d at 23-24 (discussing

voluntary dismissal of charges by the government for the purposes

of § 3161(h)(6)); United States v. Leone, 823 F.2d 246, 247 (8th

Cir. 1987) (emphasizing that the government dismissed the

indictment "on its own motion").  Furthermore, other circuits have

found that a district court dismissed an indictment on a

defendant's motion even when the government requested a dismissal

without prejudice in its response.  See United States v.

Blackeagle, 279 Fed. Appx. 588, 588-89 (9th Cir. 2008) (holding

that the district court dismissed on defendant's motion by

specifically granting that motion in its order);[2] United States v.

_____

[2] United States v. Blackeagle, 279 Fed. Appx. at 589,
distinguished an earlier Ninth Circuit case, United States v.
Harris, 724 F.2d 1452, 1454 (9th Cir. 1984), which held that the
district court had acted on the government's motion when the record
was unclear upon whose motion the district court acted in
dismissing the original complaint without prejudice.  In Harris,
the defendant moved for dismissal with prejudice and the government
responded by asking for dismissal without prejudice.  Id.  The
Harris decision, however, did not hinge on that determination
because § 3161(d)(1) was inapplicable and the decision has been
held to be dictum.  See United States v. Magana-Olvera, 917 F.2d
401, 405, n.4 (9th Cir. 1990).

Story, 131 F.3d 150 (9th Cir. 1997) (unpublished table decision) (finding that the district court granted defendant's motion to dismiss even though the government conceded the propriety of dismissing the indictment).

        In this case, defendant Irizarry-Colon simply states that his third indictment was dismissed "upon government motion," glossing over the fact that he filed the motion to dismiss that indictment on STA grounds and that the government merely filed a response to that motion.  (See Docket No. 17 at 4.)  Defendant Irizarry-Colon provides no argument or supporting legal authority indicating that the government's response to his motion to dismiss the third indictment should constitute a motion by the government for the purposes of the STA calculation.  See id. at 4-5.  In his reply to the government's opposition, Irizarry-Colon cites United States v. Fernandez-Santos, No. 10-73 (JAG), 2011 WL 2441308, at *1 (D.P.R. June 13, 2011), in support of his STA argument.  In that case, however, the government initiated the process of dismissal by affirmatively filing a motion to dismiss the charges against defendant right before the expiration of the seventy-day period and subsequently re-indicted him.  (See Criminal No. 10-073 (JAG), Docket No. 251.)  Unlike the government's affirmative request in Fernandez-Santos, see id., the government in this case simply

responded to defendant's motion to dismiss the third indictment. (<u>See</u> Criminal No. 10-024 (CCC/BJM), Docket No. 17.)

In his motion to dismiss the third indictment, the defendant asked for dismissal with prejudice. (<u>See</u> Criminal No. 10-024 (CCC/BJM), Docket No. 15.) In its response, the government conceded that dismissal was warranted but disputed whether it should be with prejudice. (<u>See</u> Criminal No. 10-024 (CCC/BJM), Docket No. 17 at 7.) The government did not ask for any additional relief in its response and the government did not file a motion on its own to dismiss the indictment. This is not, as Irizarry-Colon suggests, "a simple expedient of dismissing and re-indicting whenever speedy trial time was running out" because the government did not actively try to circumvent the speedy-trial guarantee by dismissing the indictment of its own volition before the seventy-day period expires and then re-indicting defendant

Irizarry-Colon.[3]   Cf. United States v. MacDonald, 456 U.S. 1, 8,
n. 12 (1982) (holding that the Speedy Trial Clause of the Sixth
Amendment has no application after the government, acting in good
faith, formally drops charges).

        Because the government did not affirmatively
initiate a request for relief through its own motion, the Court
finds that the dismissal of the third indictment was "upon motion
of the defendant" pursuant to 18 U.S.C. § 3161(d)(1).  Therefore,
the seventy-day clock began anew pursuant to section 3161(c)(1).
Defendant's speedy trial right attached on June 30, 2011, the date
of his arraignment in this case.  18 U.S.C. § 3161 (c)(1)(2006).
Only forty-five non-excludable STA days had passed when the Court
tolled the running of the seventy-day period under the STA on
August 16, 2011.  Given that seventy non-excludable days have not
yet passed, defendant's motion to dismiss under the STA is **DENIED.**

---

        [3] Furthermore, while Blackeagle, 279 Fed. Appx. at 588-89, and
Story, 131 F.3d 150, may be instructive, those cases are
distinguishable from the circumstances of this case.  The order
dismissing the third indictment did not specifically grant
defendant's motion to dismiss, unlike the orders in Blackeagle, 279
Fed. Appx. at 588-89, and Story, 131 F.3d 150.  But it also did not
say that the court was granting a motion by the government either.
(See Crim. 10-024 (CCC/BJM), Docket No. 36) ("Accordingly,
defendant's Motion to Dismiss Indictment With Prejudice (docket
entry 15) is DENIED.  However, the United States' request contained
in its response (docket entry 17, p. 15) for a dismissal of the
indictment without prejudice is GRANTED").  Instead, the court
differentiated the government's response from the defendant's
motion.

## 2.    Sixth Amendment Right to a Speedy Trial

A finding that there was no violation of the STA "does not necessarily preclude a court from finding a violation of [defendant's] Sixth Amendment right to a speedy trial." <u>United States v. Muñoz-Amado</u>, 182 F.3d 57, 61 (1st Cir. 1999). The Sixth Amendment to the United States Constitution guarantees that the accused "enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. The right to a speedy trial is "fundamental." <u>Klopfer v. North Carolina</u>, 386 U.S. 213,223 (1967).

Although the speedy trial provision of the Sixth Amendment and the due process clause of the Fifth Amendment both protect individuals against unreasonable prosecutorial delay, they cover distinct stages of the pre-trial process. The Supreme Court has stated that only "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge" triggers the protections of the Sixth Amendment. <u>United States v. Marion</u>, 404 U.S. 307, 320 (1971). Therefore, while "delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment," <u>United States v. Lovasco</u>, 431 U.S. 783, 788-89 (1977), the Sixth Amendment right to a speedy trial attaches when charges are pending, <u>MacDonald</u>, 456 U.S. at 7. The only possible remedy for a deprivation of the Sixth Amendment right to a speedy trial is the dismissal of the indictment against

the accused whose right has been violated.  Barker, 407 U.S.
at 522.

In Barker, the Supreme Court determined that the
definition of "speedy" is relative and cannot be "quantified into
a specified number of days or months."  Barker, 407 U.S. at 523.
Thus, "any inquiry into a speedy trial claim necessitates a
functional analysis of the right in the particular context of the
case."  Id. at 522.  To assist courts in assessing whether the
speedy trial right has been violated in any given case, the Barker
court established a set of four factors that courts should consider
when determining "how long is too long" for a given defendant to
wait before going to trial.  Id. at 521-22, 530.  The four factors
include:  (1) the length of delay, (2) the reason for the delay,
(3) the defendant's assertion of his right, and (4) prejudice to
the defendant.  Id. at 530.

### a.    Length of Delay

The time frame relevant to defendant Irizarry-
Colon's Sixth Amendment claim extends from his most recent
indictment on June 17, 2011.  (Docket Nos. 1.)  He indicates that
it has been over eleven years since the charged conduct allegedly
occurred and more than six years since the first indictment against
him was brought.  (See Docket No. 17 at 7.)  The United States
Court of Appeals for the First Circuit has stated, however, that if

an indictment is dismissed on motion of a defendant, and the defendant is subsequently reindicted for the same offense, only the delay in prosecution of the second indictment is relevant for Sixth Amendment speedy trial purposes.  See Colombo, 852 F.2d at 23. When the government voluntarily dismisses charges, the pendency of the first indictment – but not the time between the indictments – and the period of the second indictment are relevant for Sixth Amendment speedy trial purposes.  Id. at 23-24.  The Court has determined that defendant Irizarry-Colon's third indictment was dismissed on his own motion.  Accordingly, the pendency of the third indictment is not counted for the Sixth Amendment analysis of the right to a speedy trial.

        The Sixth Amendment right attaches upon arrest or indictment, whichever occurs first.  See MacDonald, 456 U.S. at 6-7.  Defendant Irizarry-Colon's indictment occurred before his arrest.  (Docket Nos. 1 and 11.)  Thus, the time frame relevant to his claim extends from his most recent indictment on June 17, 2011.

        This first Barker factor, the length of the delay between accusation and trial, serves two purposes.  Barker, 407 U.S. at 533.  First, it "is to some extent a triggering mechanism."  Id.  Absent a showing of some delay that is "presumptively prejudicial," the Court need not engage in an inquiry regarding the other factors considered under the Barker

framework.  Id.  Second, the length of delay serves as one of the

four factors to be weighed in assessing whether a defendant's right

to a speedy trial has been violated once the analysis has been

triggered.  Doggett v. United States, 505 U.S. 647, 651-52 (1992).

The longer the delay, the more heavily this factor is to be weighed

against the government.  See id.

        A bright-line rule has not emerged within the

First Circuit to govern what length of delay is to be considered

presumptively prejudicial for purposes of triggering the Barker

analysis.  See Barker, 407 U.S. at 530.  Rather, the Court must

consider the specific circumstances of each case to determine

whether a delay is presumptively prejudicial.  Id. at 530-31.

        In Doggett v. United States, 505 U.S. at 652

n.1, the Supreme Court noted that "depending on the nature of the

charges, the lower courts have generally found post-accusation

delay presumptively prejudicial at least as it approaches one

year."  The First Circuit Court of Appeals has held a delay of

eight to ten months to be presumptively prejudicial.  See United

States v. Johnson, 579 F.2d 122, 123 (1st Cir. 1978) (eight month

delay); United States v. Fay, 505 F.2d 1037, 1039 (1st Cir. 1974)

(nine month delay); Isaac v. Perrin, 659 F.2d 279, 282 (1st Cir.

1981) (ten month delay).  In those cases, the defendants were

charged with simple street crimes.  See Johnson, 579 F.2d at 123;

<u>Isaac</u>, 659 F.2d at 282; <u>Fay</u>, 505 F.2d at 1037.  The Supreme Court

has noted, however, that the graver the crime, such as a "serious,

complex conspiracy charge," the longer "the delay that can be

tolerated." <u>See</u> <u>Barker</u>, 407 U.S. at 530-31; <u>see also</u> <u>United States</u>

<u>v. Maxwell</u>, 351 F.3d 35, 40 (1st Cir. 2003) (affirming that a

fifteen-month delay for conspiracy and investment fraud 'either

does not weigh in favor of dismissal or weighs only very slightly

in favor of it'); <u>Acha v. United States</u>, 910 F.2d 28, 32 (1st Cir.

1990) (finding that a seventy-seven day delay between an arrest and

indictment for cocaine importation was not enough for a Sixth

Amendment speedy trial violation).

          In this case, less than three months have

passed since defendant's most recent indictment on June 17, 2011

until August 25, 2011, the date when defendant filed his motion to

dismiss.  Even when taking in the "peculiar circumstances of the

case," <u>see</u> <u>Barker</u>, 407 U.S. at 530-31, the delay is not

presumptively prejudicial.  This case is complex, involving several

co-conspirators and numerous allegedly fraudulent loans.  (Docket

No. 1.)  Furthermore, defendant Irizarry-Colon was not arrested

until June 29, 2011, (Docket No. 11), and by July 21, 2011, by

Court had set a trial date of September 8, 2011.  Because this

delay is nowhere near the length of others in which the First

Circuit Court of Appeals has found to be presumptively prejudicial

for much "simpler" crimes, there is no "necessity for inquiry into the other factors that go into the balance." Id. at 530-31. Given that there is no presumptively prejudicial length of delay that requires analysis of the other Barker factors, defendant Irizarry-Colon's motion to dismiss pursuant to the Sixth Amendment is **DENIED.**

   **B.   Fifth Amendment Right**

      Having determined that Irizarry-Colon's Sixth Amendment right to a speedy trial has not been violated, the Court now considers whether the pre-indictment delay violated his due process rights.

      Statutes of limitations are the "primary guarantee against bringing overly stale criminal charges." See Marion, 404 U.S. at 322 (internal citations omitted). The Supreme Court has held, however, that "the Due Process Clause has a limited role to play in protecting against oppressive delay" even if an indictment is brought within the statute of limitations. See Lovasco, 431 U.S. at 789.

      To prevail on a due process challenge, a defendant bears a heavy burden of showing that the delay in bringing the indictment caused him or her substantial prejudice **and** that the delay by the government was used to obtain a tactical advantage over the

accused.  See United States v. Marler, 756 F.2d 206, 213 (1st Cir. 1985); see also Lovasco, 431 U.S. at 789-90.

### 1.    Substantial Prejudice

While even the "shortest and most necessary delay" may cause actual prejudice, not "every delay-caused detriment to a defendant's case should abort a criminal prosecution." Marion, 404 U.S. at 324-25.  "Substantial prejudice" means more than inconvenience; it requires a showing of actual prejudice, and even the unavailability of witnesses or evidence might be insufficient to meet this burden.  United States v. De Cologero, 530 F.3d 36, 78 (1st Cir. 2008) (internal citations omitted).

Irizarry-Colon argues that the relevant time period for his Fifth Amendment due process claim should be "the aggregate period of delay between the most recent facts alleged" until the current indictment.  (Docket No. 17 at 9.)  The government indicates, however, that the Court should consider only the period that "has elapsed from the dismissal of the previous indictment in 2010 and the bringing of the current case in 2011."  (Docket No. 19, at 10.)  Regardless of which period the Court chooses to examine, defendant Irizarry-Colon has not shown that the delay in bringing the 2010 indictment substantially prejudices his case.

In support of his argument that the delay in bringing the indictment caused him substantial prejudice, Irizarry-

Colon alleges only that the unavailability of two important
witnesses results in actual prejudice to him.   (Docket No. 17
at 9.)   In particular, he alleges that two witnesses who died in
2007 could have provided specific and important factual testimony
benefitting him.   Id. at 8.   The First Circuit Court of Appeals has
indicated, however, that a defendant must do more than allege that
witnesses' memories have faded or that evidence has been lost that
might have been helpful to him.   See United States v. Lieberman,
608 F.2d 889, 902 (1st Cir. 1979); see also United States v. Muñoz-
Franco, 487 F.3d 25, 59 (1st Cir. 2007) (holding that the
unavailability of nineteen potential defense witnesses did not
impair appellants' defense).[4]

###       2.     Intentional Delay to Gain Tactical Advantage

Even if Irizarry-Colon has demonstrated actual
prejudice, he has failed to show that the delay in bringing the

---

[4] Furthermore, when Irizarry-Colon brought this claim of
actual prejudice in his motion to dismiss the third indictment, the
magistrate judge indicated in his report and recommendation that
the defendant overlooked the fact that he had faced an indictment
after the death of his witnesses.   (See Criminal No. 10-024
(CCC/BJM), Docket No. 31 at 18.)   Notably, the magistrate judge
indicated that any prejudice to defendant from losing the witnesses
is "not attributable to the delay that concerns the court now:
that in bringing this indictment" and that the delay in bringing
the third indictment could not prejudice the defendant anew with
regard to the deceased witnesses.   Id.   Similarly, defendant
Irizarry-Colon makes no argument about how the delay in bringing
this indictment prejudices him with regard to his lost witnesses.

indictment in this case was "an intentional device to gain tactical advantage over the accused." <u>Marion</u>, 404 U.S. at 324.  In his motion to dismiss, defendant Irizarry-Colon states only that "the unavailability of important witnesses results in actual prejudice to the defendant and his defense," (Docket No. 17 at 9), and makes no "concomitant showing" or discussion of how the government intentionally delayed indictment to gain tactical advantage, <u>Muñoz-Franco</u>, 487 F.3d at 59.  Therefore, defendant Irizarry-Colon has waived this argument.  <u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

        Defendant Irizarry-Colon makes those arguments in his reply to the government's opposition, however, and couches them as "new matters" raised by the government pursuant to Local Rule 7(c).  (Docket No. 23 at 1, 4-6.)  These are not new matters raised by the government; rather, what the government indicated in its response was only that defendant Irizarry-Colon failed to raise any argument regarding the requirement to show that the government acted intentionally to gain a tactical advantage over him.  (Docket No. 19 at 10.)  Even if Irizarry-Colon properly raised his argument in his motion to dismiss, however, he still fails to show that the

government intentionally delayed indictment to gain a tactical advantage.

      In determining whether the government intentionally delayed a federal indictment to gain an unfair tactical advantage, the First Circuit Court of Appeals has examined whether the government acted abusively, recklessly, or in bad faith.  See Marler, 756 F.2d at 215.  Irizarry-Colon claims that the government waited until just before the statute of limitations expired to bring the indictment in this case even though the government was able to bring an "obviously 'identical' indictment" beforehand in only twenty-two days.  (Docket No. 23 at 5.)  Defendant Irizarry-Colon makes no showing of why this was abusive, however, or how the government did this in bad faith.  His claims are similar to those of the appellants in Marion, 404 U.S. at 325-26, who "rely solely on the real possibility of prejudice inherent in any extended delay:  that memories will dim, witnesses become inaccessible, and evidence be lost."  The Marion Court indicated, however, that those possibilities "are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment."  Id. at 326.  Given that Irizarry-Colon fails to meet his burden of showing substantial prejudice and that the government intentionally delayed indictment to gain a

tactical advantage over him, defendant's motion to dismiss pursuant
to the Fifth Amendment is **DENIED**.

## III. Conclusion

For the reasons expressed, the Court **DENIES** Irizarry-Colon's
motion to dismiss the indictment against him.  A status conference
is scheduled for **October 27, 2011 at 9:00 a.m.**

**IT IS SO ORDERED**.

San Juan, Puerto Rico, October 18, 2011.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE