# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>EFREN IRIZARRY-COLON,<br><br>**Defendant**. | **CRIMINAL NO.** 11-231 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

After more than two years of delays and continuances, the Court on December 19, 2013 asked the defendant to retain new defense counsel and notify the Court prior to January 15, 2014. The defendant failed to comply with the Court's order. For the reasons explained below, the Court now continues the trial until **March 31, 2014**, and orders Mr. Irizarry to either retain new counsel prior to that time or to represent himself at trial.

## I. Background

Defendant Efren Irizarry-Colon was indicted in this case on June 17, 2011. (Docket No. 1.) Gary Montilla-Brogan entered his appearance as counsel for Mr. Irizarry on June 30, 2011. (Docket No. 6.) On July 21, 2011, the trial was scheduled for September 8, 2011. (Docket No. 14.) Since that time, Mr. Montilla, who is currently undergoing treatment for cancer, has moved for — and

received — ten continuances.[1]  Now, more than two years after the original trial date, there is no indication that Mr. Montilla is able to proceed to trial or that Mr. Irizarry has retained substitute or assistant counsel.  The Court now recounts, in detail, the history of delays in this case.

   On August 15, 2011, Mr. Montilla first informed the Court of his medical issues and requested an extension of time to file dispositive motions; the Court granted Mr. Montilla's request. (Docket Nos. 15 & 16.)  At an October 27, 2011 status conference, Mr. Montilla requested that the trial be set for the following year because he had upcoming trials in other cases.  Consequently, the Court scheduled trial for February 13, 2012.  (Docket No. 27.)  On January 25, 2012, Mr. Montilla moved for a continuance due to his ongoing chemotherapy treatments, and the Court set trial for October 9, 2012.  (Docket Nos. 28 & 29.)  On September 17, 2012, Mr. Montilla filed a motion for a "final" continuance of the trial due again to his ongoing medical treatment.  (Docket No. 39.)  The Court again granted a continuance, and scheduled trial for

---

[1] Mr. Montilla moved, unsuccessfully, to dismiss the indictment on speedy trial grounds on August 25, 2011.  (Docket Nos. 17 & 26.) Since that time, the Court has tolled the Speedy Trial Act ("STA") with the defendant's consent for each continuance.

January 22, 2013.² (Docket Nos. 40 & 41.) In preparation for trial, the United States submitted proposed jury instructions and *voir dire* questions on January 15, 2013. (Docket Nos. 45 & 46.) On January 17, 2013, Mr. Montilla requested, and the Court granted, a continuance until February 4, 2013 again due to Mr. Montilla's health condition. (Docket No. 49.) Mr. Montilla moved for another continuance on January 28, 2013, and trial was rescheduled for May 13, 2013. (Docket Nos. 50 & 51.)

On February 5, 2013, the United States first raised the issue that the Court addresses today and asked the Court to order Mr. Irizarry to secure new counsel, in light of the multiple continuances and the fact that almost fifteen years had passed since Hurricane George struck Puerto Rico, giving rise to the facts underlying the indictment.³ (Docket No. 52.) Mr. Montilla subsequently moved for a continuance, and the Court scheduled a status conference for May 10, 2013. (Docket No. 57.) At the status conference, the parties discussed the possibility of appointing a co-counsel or new counsel for Mr. Irizarry; the Court

---

² Trial was originally scheduled for January 21, 2013. Because that was a federal holiday, however, the Court rescheduled trial for the following day, January 22, 2013. (Docket No. 41.)

³ Three previous criminal cases against Mr. Irizarry based on the same facts have been dismissed on speedy trial grounds. Criminal Nos. 05-258 (GAG); 07-146 (GAG) and 10-024 (CCC).

asked Mr. Irizarry to prepare a financial affidavit and scheduled a status conference for June 20, 2013.  (Docket No. 58.)  At the June 20 status conference, Mr. Montilla explained that his continuing medical treatment prevented him from competently representing his client and that his client did not qualify for appointment of counsel pursuant to the Criminal Justice Act ("CJA").  (Docket No. 59.)  The Court ordered Mr. Irizarry to retain new lead counsel, to be assisted by Mr. Montilla, and scheduled a status conference for July 24, 2013.  Id.  At the July 24 status conference, Mr. Irizarry indicated his desire to continue being represented by Mr. Montilla; Mr. Montilla explained that his medical treatment "continue[d] and affect[ed] him physically and mentally;" the United States stated that it was ready for trial and objected to the extended continuance; and the Court again ordered the defendant to hire additional counsel to prepare for trial in January of 2014.  (Docket No. 62.)  On September 24, 2013, the Court issued an order appointing Jose R. Aguayo as additional counsel to assist Mr. Montilla with Mr. Irizarry's representation, and scheduled trial for January 21, 2014. (Docket No. 63.)  The Court subsequently vacated this order after Mr. Montilla indicated that he would be physically ready and able to try the case on January 21, 2014.  (Docket No. 65).

On December 16, 2013, Mr. Montilla moved for still another continuance (Docket No. 66), and the Court rescheduled trial for March 17, 2014, again appointing Mr. Aguayo to assist defense counsel. (Docket No. 67.) After unsuccessfully attempting to communicate with Mr. Irizarry regarding the issue of representation, Mr. Aguayo requested an emergency hearing to discuss the propriety of his appointment. (Docket No. 68.) At a December 19, 2013 status conference, the Court allowed Mr. Irizarry until January 15, 2014 to hire new counsel and notify the Court. (Docket No. 70.) As of this time, the Court has received no notification from Mr. Irizarry or from Mr. Montilla regarding the issue of counsel.

## II. Defendant's Right to the Counsel of His Choice

"In all criminal prosecutions," the Sixth Amendment declares, "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This includes the right to one's counsel of choice, but with certain limitations. United States v. Hallock, 941 F.2d 36, 44 (1st Cir. 1991); United States v. Diozzi, 807 F.2d 10, 12 (1st Cir. 1986); United States v. Poulack, 556 F.2d 83, 86 (1st Cir. 1977). The right to counsel of one's choice may be limited if a defendant's selection of counsel interferes with the orderly administration of justice. Diozzi, 807 F.2d at 12. A defendant, for example, does not have the right to

be represented by a particular attorney when such representation would result in undue delay. Poulack, 556 F.2d at 86. "Whether to grant or deny a continuance for the purpose of having a particular counsel represent a defendant is thus committed to the discretion of the trial court." Id. (internal citations omitted); see also United States v. Neal, 36 F.3d 1190, 1206 (1st Cir. 1994) (it was not an abuse of discretion for the district court to deny defendant a continuance where he had nearly four months to secure private counsel, the trial had previously been continued, and he continually failed to meet deadlines set by the court).

The Court has great sympathy for Mr. Montilla's medical condition and respects Mr. Irizarry's right to have the representation of his choice. For those reasons, the Court has patiently allowed over two years of postponements in this case. The Court now finds, however, that the totality of the defense-initiated delays has unreasonably interfered with the orderly administration of justice and prejudiced the United States's ability to prepare for trial. Despite being asked to retain new or additional counsel multiple times beginning in September of 2013, Mr. Irizarry and Mr. Montilla have failed to resolve this impasse. Mr. Irizarry, in contravention of the Court's December 19 order, has neither obtained new counsel nor indicated that Mr. Montilla will be ready to proceed to trial as currently scheduled.

x

Mr. Montilla has himself indicated on multiple occasions that he is physically incapable of competently representing his client given his medical treatment needs, (see Docket Nos. 59 & 62), suggesting that he may be ethically required to withdraw from his representation of Mr. Irizarry.  See Model Rules of Prof'l. Conduct R. 1.16(a) ("a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of the client if: . . . (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client. . . ."). Thus, while the Court is cognizant of Mr. Irizarry's right to be represented by the counsel of his choice, his insistence on being represented by Mr. Montilla has resulted in undue delays.  Further delays will not be tolerated.

The Court is also sensitive to Mr. Irizarry's prerogative to be represented by counsel, rather than to represent himself at trial.  The First Circuit Court of Appeals has repeatedly held, however, that under certain circumstances "a trial court may force a defendant to choose between proceeding to trial with an unwanted attorney and representing himself."  United States v. Proctor, 166 F.3d 396, 402 (1st Cir. 1999) (internal citations omitted).  See also United States v. Kneeland, 148 F.3d 6, 11-12 (1st Cir. 1998) (finding that the defendant knowingly waived his right to counsel by deciding to proceed *pro se* rather than accept his current

counsel in the face of the court's clear admonition); Maynard v. Meachum, 545 F.2d 273, 278 (1st Cir. 1976) (holding that the district court may properly give a defendant a choice "between proceeding with counsel already appointed or going pro se."); Tuitt v. Fair, 822 F.2d 166, 173 n.1 (1st Cir. 1987) (rejecting an argument that a trial court could not properly force a defendant "to choose between proceeding to trial with the unwanted attorney or representing himself.")  Given that the court of appeals has upheld the forced choice between an unwanted appointed counsel and self representation, it follows then that the Court may here compel Mr. Irizarry to make an even less restrictive choice:  between hiring any attorney other than Mr. Montilla or representing himself at trial.

**III. Conclusion**

For these reasons, the Court continues the trial date until **March 31, 2014 at 9:00 a.m.**  No additional continuances will be permitted to accommodate Mr. Montilla or Mr. Irizarry.  Because Mr. Irizarry does not qualify for court-appointed CJA counsel, Mr. Irizarry shall either represent himself at trial or retain new counsel prior to trial.  Should he elect to represent himself, the Court appoints Mr. Aguayo as standby counsel.  To secure payment for standby counsel or for new private counsel, should Mr. Irizarry choose to retain one, the Court orders that he identify assets

Criminal No. 11-231 (FAB)                                                9
_____

valued up to $50,000.00 that can be secured through a lien for the purposes of paying his attorney's fees or for reimbursing any CJA funds that may be expended for his representation.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, January 24, 2014

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE